IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 7** |
| | ) | |
| **SHARON LOUISE OWENS,** | ) | **CASE NO. 10-72509** |
| | ) | |
| Debtor. | ) | |

---

**MEMORANDUM DECISION**

The matter before the Court is the Debtor's renewed motion to reopen her case in order to enter into a reaffirmation agreement with her mortgage company. For the reasons set forth below, the Court will deny her motion.

STATEMENT OF FACTS

The Debtor filed her Chapter 7 case pro se on October 20, 2010. The case culminated in a discharge granted on March 21, 2011, and the case was closed the same day. More than two years later, on July 17, 2013, the Debtor filed a letter requesting that the Court reopen her bankruptcy case in order to enter into a reaffirmation agreement with her mortgage company. She also requested the Court to waive the fee for reopening the case. This letter was treated as a pro se motion to reopen, which the Court denied on July 18, 2013. In the Order denying the motion the Court stated, "[n]o purpose would be served in reopening the case to allow the Debtor to enter into a reaffirmation agreement because under 11 U.S.C. § 524 a reaffirmation agreement to be legally effective must be entered into before a discharge is granted." The Debtor filed a second letter on August 6, 2013, requesting again that her case be reopened so that she can enter into a reaffirmation agreement in order to keep her home. Her second letter indicates, as the Court understands it, that she and the mortgage lender are

discussing a modification of the terms of her mortgage to lower the required monthly payment which would enable her to keep her home. She further represents that she did not know that she needed to enter into a reaffirmation agreement before she received a discharge. Clearly she appears to believe that a possible modification of her loan is dependent upon her entering into a reaffirmation agreement with respect to that loan and that if she presents a sufficiently appealing application, the Court ought to be willing to approve her request.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. The Court concludes that a motion to reopen a debtor's bankruptcy case for the purpose represented here is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

11 U.S.C. § 524(c)(1) provides that "[a]n agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable . . . only if such agreement was made before the granting of the discharge under section 727 . . . ." When similar requests have been filed with the Court, it has uniformly ruled that it is without power to ignore the governing statutory provisions which have been enacted into law by acquiescing in attempts by bankruptcy debtors to enter into reaffirmation agreements although a discharge has already been obtained.[1]

---

[1] *See In re Reynolds*, No. 09-71964 (Bankr. W.D. Va. Feb. 10, 2011); and *In re Washer*, No. 05-73465 (Bankr. W.D. Va. Dec. 30, 3005).

Although the Debtor's asserted lack of knowledge of this statutory requirement may be unfortunate, that ignorance does not change what the law is or provide her an opportunity to avoid its application to her case.

Furthermore, the Court notes that if the Debtor has filed an application, or wishes to do so, for modification of the terms of her mortgage loan under the federal government's so-called "HAMP program," there is no requirement, despite what she may believe or has been told, that a borrower must have entered into a reaffirmation agreement of that loan in order to be eligible for a modification of the loan under that program. This Court has previously dealt with this issue in the case of *Reynolds Living Trust v. Wells Fargo Bank, N.A. (In re Reynolds)*, 2011 Bankr. LEXIS 3352, 44-5 (Bankr. W.D. Va. Sept. 6, 2011), and will quote here from that decision on this point:

> Finally, the lack of a reaffirmation agreement with the Bank and the issuance of the discharge to the Debtor do not appear to preclude the latter even now from filing an application under the HAMP program. Indeed the Treasury Department has issued a directive expressly providing that "[b]orrowers who have received a Chapter 7 bankruptcy discharge in a case involving the first lien mortgage who did not reaffirm the mortgage debt under applicable law are eligible for HAMP." Supplemental Directive 10-02, March 24, 2010, quoted in Bankruptcy Judge Duncan's decision in the case of *In re Tincher*, 2011 WL 2650569 at *3 (Bkrtcy. D.S.C. July 5, 2011). Judge Duncan expressly followed an earlier decision by Bankruptcy Judge Mayer of the Eastern District of Virginia that the mortgagee may not require prior execution of a reaffirmation agreement as a condition of considering a HAMP application. *Tincher* at *3, quoting from *In re Pope*, 2011 WL 671972 at *1 (Bkrtcy. E.D. Va. Feb. 17, 2011). *Accord In re Bellano*, 2011 WL 3563012 at *4 (Bkrtcy. E.D. Pa. Aug. 11, 2011) (Raslavich, J.).

Finally, to reiterate the point made in the previous Order denying the Debtor's initial request, this action by the Court does not preclude the Debtor from continuing to make

mortgage payments upon her residence property or the lender (or its loan servicer) from accepting such payments.  So, this Court's denial of the Debtor's renewed request to reopen her case does not mean that the Debtor's efforts to save her home have been doomed to failure.

        An order in accordance with this Memorandum Decision will be entered contemporaneously herewith.

        Decided this 9th day of August, 2013.

/s/ William F. Stone, Jr.
_____
UNITED STATES BANKRUPTCY JUDGE